UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

JOHN L. EDWARDS,

                       Plaintiff,         **REPORT AND RECOMMENDATION**
                                                         **07-CV-2452 (RRM) (LB)**
       - against-

ELMHURST HOSPITAL CENTER,

                       Defendant.
-------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Plaintiff, John L. Edwards, brings this *pro se* action against his employer, Elmhurst Hospital Center,[1] alleging that defendant discriminated against him in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[2] The Honorable Roslynn R. Mauskopf,[3] United States District Judge, referred defendant's summary judgment motion to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the following reasons, it is respectfully recommended that defendant's motion should be granted.

---

      [1] Elmhurst Hospital Center is part of the New York City Health and Hospitals Corporation, a municipal hospital and health care system for New Yorkers. *See* http://www.nyc.gov/hhc (last visited July 29, 2009).

      [2] Defendant provided plaintiff with the requisite notice to *pro se* litigants pursuant to Local Civil Rule 56.2.

      [3] This case was previously assigned to the Honorable Nina Gershon, United States District Judge.

## BACKGROUND

The following facts are either undisputed or taken in the light most favorable to plaintiff.[4] Plaintiff, John L. Edwards, an African-American male, has been employed at Elmhurst Hospital Center ("Elmhurst") since September 1990 as an Institutional Aide. Declaration of Joshua Fay ("Def. Decl."), Exhibit D (Transcript of John L. Edwards, 11:3-6, 14:2-8) (hereinafter "Tr."). Plaintiff's current job responsibilities include stocking supplies in the Central Sterile Department. Tr. 12:2-9. In December 2004, plaintiff returned to Elmhurst Hospital Center from a nearly two-year worker's compensation leave as a result of a shoulder injury. Def. Decl., Exhibit E (Personnel Action Form); Tr. 11:16-18. In 2005, plaintiff accrued 22 days of absences and was charged with excessive absenteeism. Def. Decl., Exhibit F (Notice and Statement of Charges). Following a hearing, defendant warned plaintiff against further absences and required plaintiff to attend a counseling session. Def. Decl., Exhibit G (Letter to Edwards dated Nov. 29, 2005). From January to June 2006, plaintiff accrued 22 days of absences. Def. Decl., Exhibit H (Notice to Report for Counseling Session). In July 2006, plaintiff arrived late for a total of 480 minutes. Def. Decl. Exhibit I (Notice to Report for Counseling Session). In September 2006, plaintiff attended a counseling session along with his union representative and his supervisor, Lucille Diggs, to discuss

---

[4] Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1") requires a party moving for summary judgment to submit "a separate, short and concise statement" of the allegedly undisputed material facts, set out in numbered paragraphs, on which the moving party relies in arguing that there is no genuine issue to be tried. *See* Local Rule 56.1(a); *see also Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003); *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 72 (2d Cir. 2001). Defendant filed a 56.1(a) statement, however, plaintiff did not file a corresponding statement. The Court accepts as true only those facts which are supported by record evidence. *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004); *Giannullo*, 322 F.3d at 143 n.5.

plaintiff's excessive absenteeism and excessive lateness; he had accrued 17 more absences from June to September 2006. Def. Decl., Exhibit J (Internal Memorandum to Edwards dated Sept. 26, 2006). Between October and December 2006, plaintiff accrued 21 days of absences, with one absence lasting 13 days, and he was late for a total of 430 minutes. Def. Decl., Exhibit K (Notice to Report for Counseling Session). As a result, defendant issued plaintiff a warning notice and placed him on Medical Documentation status from January 2007 to April 2007. Def. Decl., Exhibits L (Employee Warning Notice) and M (Memorandum to Rhonda Richardson, Labor Relations dated Jan. 12, 2007). Medical Documentation ("MD") status requires an employee to submit a medical note to support any absence, other than an approved vacation leave, during the applicable period. Tr. 102:13-20.

Although plaintiff did not file an opposing Rule 56.1 Statement, or even a statement of facts, Compl. at 4, ¶ 8, liberally construing his complaint, he alleges that defendant's conduct in addressing his absences and lateness was in retaliation for filing a prior charge of discrimination. Compl. at 4; Plaintiff's Unmarked Exhibit (Letter to Edwards from Equal Employment Opportunity Commission dated Apr. 30, 2007); *see also* Tr. 71:9-20. In plaintiff's discrimination charge, he states that

> Elmhurst Hospital has discriminated in the past because Title VII charge on 7/10/2000 that charge is 160-A1-0103. And Now Elmhurst Hospital Labor Relations - Ron Edwards is going after me because of me fileing [sic] a charge for job discrimination. In another case, now Ron Edward has put my manger [sic] of up to write charges to get me John L. Edwar firer [sic] because of these false charges of not calling in for went I was not coming to work and has make other mangers [sic] to tell them to make up false charges to me. Ron Edwards of Labor Relations is behind this and so J. Biatl, Lucille M. Digg is in my the central sterile supply Department. This happen on 1/17/07.

Def. Decl., Exhibit R (EEOC Charge of Discrimination). At his deposition, plaintiff testified that he did not apply for leave under the Family Medical Leave Act and that he had the most absences of anyone in his unit. Tr. 107:18-19; 108:12-22; 129:11-20.

## PROCEDURAL HISTORY

On February 13, 2007, plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") alleging that defendant retaliated against him for filing a prior EEOC discrimination charge. Def. Decl., Exhibit R (EEOC Charge of Discrimination). On April 30, 2007, the EEOC issued a "right to sue" letter. *See* Compl., Unmarked Exhibit (EEOC Dismissal and Notice of Rights). On June 19, 2007, plaintiff paid the statutory filing fee to commence this action alleging that defendant discriminated against him based on his race, color, gender, religion, national origin and disability. Compl. at 3, ¶ 7.[5] After the parties completed discovery, defendant filed the instant motion for summary judgment. Plaintiff opposes defendant's motion and defendant filed a reply.

## DISCUSSION

### I. Summary Judgment - Standard of Review

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). A fact is material if it is one that "might affect the outcome of the suit under the governing law." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also Ollman v. Special Bd. of Adjustment No. 1063*, 527 F.3d 239, 245 (2d Cir. 2008). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury

---

[5] In 2006, plaintiff filed an employment discrimination charge with the EEOC alleging that defendant denied him a promotion to maintenance worker or locksmith based on his race and color. On December 29, 2006, plaintiff filed an employment discrimination complaint in this Court against defendant based on that charge. *See Edwards v. Elmhurst Hospital*, No. 06-CV-6859 (RRM)(LB) (defendant's motion for summary judgment granted); *see also* Def. Decl., Exhibits O-R (EEOC Charge of Discrimination, EEOC right-to-sue letter, Title VII complaint).

could return a verdict for the nonmoving party.'" *Jeffreys*, 426 F.3d at 553 (quoting *Anderson*, 477 U.S. at 248); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The trial court's function in deciding such a motion is not to weigh the evidence or resolve issues of fact, but to decide instead whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleadings; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see Matsushita*, 475 U.S. at 586-87. In other words, the non-moving party must provide "affirmative evidence" from which a jury could return a verdict in its favor. *Anderson*, 477 U.S. at 257.

Although the Court is obliged to "read [the *pro se* plaintiff's] papers liberally, and will interpret them to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)), "[c]onclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." *Niagara Mohawk Power Corp. v. Jones Chemical, Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998)); *Lipton v. Nature Co.*, 71 F.3d 464, 469 (2d Cir. 1995) (mere speculation and conjecture are insufficient to avoid summary judgment). Moreover, "'[t]he mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." *Niagara*, 315 F.3d at 175 (quoting *Anderson*, 477 U.S. at 252).

## II. Title VII and the ADA

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). The ADA prohibits discrimination against a qualified individual with a disability because of the disability...."42 U.S.C. § 12112(a).[6] A plaintiff bringing either a Title VII or an ADA action bears the burden of proving discrimination by a preponderance of the evidence. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1993); *Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001) (ADA); *Bickerstaff v. Vassar College*, 196 F.3d 435, 446 (2d Cir. 1999), *cert. denied*, 530 U.S. 1242 (2000) (Title VII). Employment discrimination claims under Title VII and the ADA are analyzed under the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973) (Title VII); *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) (ADA).

In order to establish a *prima facie* case of Title VII discrimination, plaintiff must show that (1) he is a member of a protected class; (2) he is qualified to perform the job or is performing his duties satisfactorily; (3) he suffered an adverse employment decision or action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination based on his membership in the protected class. *See Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003).

---

[6] On January 1, 2009, the ADA Amendments Act of 2008, Pub.L. No. 110-325, 122 Stat. 3553 ("2008 Amendments"), became effective. The 2008 Amendments expanded the ADA's definition of disability and the class of major life activities protected by the ADA. However, the 2008 Amendments have not been applied retroactively by district courts in this Circuit. *See, e.g., White v. Sears, Roebuck & Co.*, No. 07-CV-4286, 2009 WL 1140434, at *5 (E.D.N.Y. Apr. 27, 2009) (citing cases).

In order to establish a *prima facie* case of disability discrimination, plaintiff must show that: (1) his employer is subject to the ADA; (2) he is disabled within the meaning of the ADA; (3) he is otherwise qualified to perform the essential functions of his job; and (4) he suffered an adverse employment action because of his disability. *Jacques v. DiMarzio, Inc.*, 386 F.3d 192, 198 (2d Cir. 2004). Prior to the 2008 Amendments, an employee was not considered disabled under the ADA unless the impairment substantially limited one or more of the major life activities. 42 U.S.C. § 12102(2)(A) & (C); *see Ryan v. Grae & Rybicki, P.C.*, 135 F.3d 867, 870 (2d Cir. 1998). "Major life activities" include, among other things, caring for oneself, walking, seeing, hearing, speaking, breathing, learning and working. 29 C.F.R. § 1630.2(i). Whether an impairment substantially limits a major life activity is determined by considering: (1) the nature and severity of the impairment; (2) the duration of the impairment; and (3) the impairment's permanent or long-term impact. 29 C.F.R. § 1630.2(j)(2).

A plaintiff's burden to establish a *prima facie* case of discrimination is minimal. *St. Mary's Honor Center*, 509 U.S. at 506; *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (ADA); *Zimmermann v. Associates First Capital Corp.*, 251 F.3d 376, 381 (2d Cir. 2001) (citations omitted) (Title VII). If plaintiff succeeds in establishing a *prima facie* case, a presumption of discrimination arises and the burden shifts to defendant to present a legitimate, non-discriminatory reason for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802-03. If defendant meets this burden and offers a legitimate, non-discriminatory reason, the burden shifts back to plaintiff to provide evidence that defendant's proffered reasons were pretextual. *McDonnell Douglas*, 411 U.S. at 804; *see also Sista*, 445 F.3d at 169 (setting forth same *McDonnell Douglas* burden-shifting in an ADA case) (citation omitted).

However, the Second Circuit has pointed out that "[t]o allow a party to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars, would necessitate a trial in all Title VII [and ADA] cases." *Meiri v. Dacon*, 759 F.2d 989, 997 (2d Cir.), *cert. denied*, 474 U.S. 829 (1985); *see also Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) ("Even in the discrimination context . . . a plaintiff must provide more than conclusory allegations to resist a motion for summary judgment."). "In short, the question [at the pretext stage] becomes whether the evidence, taken as a whole, supports a sufficient rational inference of discrimination." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000) (quoting *St. Mary's Honor Center*, 509 U.S. at 519).

### III. Retaliation

To establish a *prima facie* case of retaliation, plaintiff must show (1) that he participated in a protected activity known to the defendant; (2) that he suffered an adverse employment action; and (3) that a causal connection exists between the protected activity and the adverse employment action. *Richardson v. Comm'n on Human Rights & Opportunities*, 532 F.3d 114, 123 (2d Cir. 2008) (quoting *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 769 (2d Cir. 1998)); *Kessler v. Westchester County Dep't of Social Servs.*, 461 F.3d 199, 205 (2d Cir. 2006); 42 U.S.C. §§ 2000e-3(a) (Title VII) and 12203(a) (ADA). Retaliation claims are also evaluated under the *McDonnell Douglas* burden-shifting framework. *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005) (Title VII) (citing *Quinn*, 159 F.3d at 768). The same standard applies to retaliation claims under Title VII and the ADA. *Treglia*, 313 F.3d at 719 (ADA). Here, plaintiff alleges that defendant retaliated against him because he filed a prior EEOC discrimination charge. *See* Compl. at 4, ¶ 8 ("see attach") (incorporating by reference the EEOC letter dated April 30, 2007); Def. Decl., Exhibit R (EEOC Charge of Discrimination).

8

Defendant moves for summary judgment alleging that the "Court lacks jurisdiction over most of plaintiff's claims as he failed to file a charge with the EEOC other than a single charge of retaliation; [that] plaintiff fails to allege a *prima facie* case of retaliation; [that] defendant has articulated legitimate non-discriminatory reasons for its employment-related decisions . . .; and [that] plaintiff cannot show that defendant's reasons for its actions were pretext so that the real reasons were discriminatory." Def. Memo. of Law at 1. Plaintiff's one-page opposition to defendant's motion states in its entirety:

> PLEASE TAKE NOTICE That I John L Edwards oppose the motion by the defendant Of Elmhurst hospital center because of the lack of information on the employees At Elmhurst hospital center.
> 1 for not following the rule 26 civil rules of the eastern district court.
> 2. Daniel j Biatl Lucille M. Diggs. Ron Edwards Rhonda Richardson. The defendant has been trying to get me John L. Edwards firer [sic] from my job at Elmhurst Hospital center the defendant has also abuse there job status to discrimination on me John L. Edwards and is still happening today damages in this case are seven million dollars
> For willful discrimination back pay front pay that is why this case needs to go to trail [sic]
> I John L Edwards the plaintiff will move this court in oppose the defendant motion
> For summary judgment the Honorable Lois Bloom United States District Court that Relief as may be just and proper and Equitable.
> THANK YOU.

Plaintiff's "Notice of Motion for Summary Judgment" at 1.

### A. Failure to Produce Discovery Materials

In his sparse opposition, plaintiff alludes to the "lack of information." Liberally construed, plaintiff challenges defendant's motion based on the failure to provide discovery. Fed. R. Civ. P. 56(f). "[A] party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing (1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of

9

material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999) (citations and internal quotation marks omitted)). Even affording plaintiff the leniency required for *pro se* litigants, he does not satisfy these requirements. Here, discovery closed on March 31, 2008 (docket entry # 9). Plaintiff never raised any discovery dispute during the discovery period nor did he move to compel.[7] Plaintiff cannot forestall consideration of defendant's motion for summary judgment by complaining about the "lack of information" well after the deadline for discovery has passed.

### B. No Discrimination under Title VII or the ADA

Plaintiff fails to satisfy the minimal initial burden of establishing a *prima facie* case of discrimination under Title VII or the ADA. It is undisputed that plaintiff's EEOC charge did not raise any discrimination claims under Title VII or the ADA, but raised only retaliation. Plaintiff's failure to do so is fatal to his claims of race, color, national origin, religion, gender and disability-based discrimination raised here. *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) ("As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC.") (citations omitted); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (*per curiam*) ("Exhaustion of administrative remedies through the EEOC is 'an essential element' of [] Title VII . . . and, as such, a precondition to bringing such claims in federal court."); *Francis v. City of New York*, 235 F.3d 763, 768 (2d. Cir. 2000) (same); *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325 (2d Cir. 1999) (ADA claims are subject to the same administrative exhaustion requirements as Title VII);

---

[7] Instead, plaintiff filed his request for discovery documents directly with the Court (docket entry #10). On March 13, 2008, the Court denied his request without prejudice as plaintiff failed to make his request to defendant's counsel in the first instance (docket entry #11).

*Wisneski v. Nassau Health Care Corp.*, 296 F.Supp.2d 367, 375 (E.D.N.Y. 2003); 42 U.S.C. §§ 2000e-5(f)(1) and 12117(a). Moreover, plaintiff testified at his deposition that he had no basis for alleging race, color, national origin or religion-based discrimination and that these claims should be "scratch[ed] . . . off." Tr. 69:1-4, 76:23-77:1, 80:8-10. Finally, plaintiff's sparse opposition, liberally construed, does not allege or suggest any basis for plaintiff's claims under Title VII or the ADA.

Even if plaintiff had filed a charge of discrimination and had established a *prima facie* case under Title VII and the ADA, he fails to produce any evidence suggesting that defendant's reasons for placing him on MD status, namely his record of excessive absences, was motivated by impermissible discrimination. Accordingly, the Court should grant defendant's motion and dismiss plaintiff's race, color, national origin, religion and gender claims under Title VII as well as his disability claim under the ADA.

## C.   No Retaliation under Title VII or the ADA

On February 13, 2007, plaintiff filed an EEOC charge of discrimination alleging that defendant retaliated against him for filing a prior EEOC charge in 2000,[8] seven years earlier. While plaintiff has shown that he engaged in an activity protected under both Title VII and the ADA by filing a charge of discrimination with the EEOC, he fails to show that (1) his employer was aware of this activity, (2) an adverse employment action was taken against him, and (3) a causal connection existed between the alleged adverse action and the protected activity. Therefore, plaintiff fails to

---

[8] The Court takes judicial notice that on May 14, 2001, plaintiff commenced an employment discrimination action against defendant in this Court which was settled pursuant to a stipulation and order entered on May 21, 2004. *See Edwards v. Elmhurst Hospital*, No. 01-CV-3018 (NG). That action was premised on an EEOC charge filed in 2000.

11

state a *prima facie* case of retaliation. *Treglia*, 313 F.3d at 719 (citing *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 223 (2d Cir. 2001) ("We analyze a retaliation claim under the ADA using the same framework employed in Title VII cases.") (citation omitted).

Plaintiff's conclusory allegation that "upper management" knew that he had filed a charge of discrimination seven years earlier when he worked in a different department within the same hospital, Tr. 93:6-24; 94:2-5, does not create a genuine issue of material fact and is insufficient to withstand defendant's motion for summary judgment. *Anderson*, 477 U.S. at 249; *Meiri*, 759 F.2d at 997; Fed. R. Civ. P. 56(e)(2). In any event, plaintiff admits that his current supervisor, Ms. Diggs, probably did not know that he had filed a discrimination charge in 2000. Tr. 83:16, 95:18-22.

Even if defendant was aware of the prior charge, plaintiff has not shown that defendant's conduct constituted "an adverse employment action." Generally, an adverse employment action consists of "a materially adverse change in the terms, privileges, duration and conditions of employment." *Treglia*, 313 F.3d at 720 (citing *Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir. 1999) (defining adverse action to include "discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand")). Plaintiff's allegation that he was subjected to MD status in retaliation for his filing of a prior discrimination charge does not rise to the level of an adverse employment action since he was not subjected to a "materially adverse change" in his position. Plaintiff conceded that obtaining a doctor's note for sick leave absences was not especially onerous. Tr. 102:21 (he "had no problem with" MD status in general). Plaintiff's duties, for example, did not change, he was not terminated, demoted or reassigned nor was he denied time off while on MD status. Nothing in the record supports that plaintiff's assignment to MD status qualified as an adverse employment action. *See, e.g., Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68

(2006) (an adverse employment action must be "materially adverse," in that it would "dissuade[ ] a reasonable worker from making or supporting a charge of discrimination." (internal quotation marks omitted)). "[N]ot everything that makes an employee unhappy is an actionable adverse action." *Smart v. Ball State University*, 89 F.3d 437, 441 (7th Cir. 1996).

Assuming *arguendo* that plaintiff's assignment to MD status qualified as an adverse action, plaintiff has not shown a causal connection between the filing of the EEOC charge in 2000 and his placement on MD status in 2007. The Second Circuit has "held that a close temporal relationship between a plaintiff's participation in protected activity and an employer's adverse action can be sufficient to establish causation." *Treglia*, 313 F.3d at 720. Nearly seven years elapsed from the time the charge at issue was filed and the time the purported adverse employment action began. There is simply no temporal proximity between the protected activity and the alleged adverse employment action. Plaintiff fails to establish a causal connection between the charge filed in 2000 and his placement on MD status in 2007. *Clark County School Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (finding that twenty months is insufficient for causation); *Delgado v. Triborough Bridge and Tunnel Authority*, 485 F.Supp.2d 453, 462 (S.D.N.Y. 2007) ("Three years does not amount to a 'very close' temporal proximity"); *Henderson v. New York*, 423 F.Supp.2d 129, 143 (S.D.N.Y. 2006) ("Causal connection cannot be established based upon temporal proximity where the alleged adverse employment action is too temporally remote from the alleged protected activity.") (citing *Clark County*, 532 U.S. at 273).

Even if plaintiff had made out a *prima facie* case of retaliation, defendant has met its burden of proffering a legitimate, non-discriminatory reason for placing plaintiff on MD status, namely plaintiff's record of absenteeism and tardiness. It is clear that "showing up for work . . . 'is an

13

essential function of... employment.'" *Ramirez v. New York City Bd. of Educ.*, 481 F.Supp.2d 209, 221 (E.D.N.Y. 2007) (quoting *Bobrowsky v. New York City Bd. of Educ.*, No. 97 CV 874, 1999 WL 737919, at *4, 13 (E.D.N.Y. Sept. 16, 1999)). Yet, in 2005, plaintiff was absent for 22 days, and in 2006, he was absent for 59 days and late for a total of 910 minutes. Def. Decl., Exhibits F-H, K.

Plaintiff does not dispute his record of absences and even concedes that he was absent from his job more than his co-workers. Tr. 129:11-20. Plaintiff testified at his deposition that his asthma, shoulder injury and other medical conditions required him to take time off from work. Plaintiff also testified that he took time off when his father passed away and additional time off when his father's death in North Carolina was investigated by the Federal Bureau of Investigation. Tr. 114:15-116:17, 129:21-130:25. Plaintiff further testified that some of his absences were taken without pay, Tr. 120:14-21, or that he called in to notify his supervisor he was going to be out, Tr. 123:8-12, so that these absences should not be counted against him. However, the fact that plaintiff has explanations for some of his absences does not support his claim that defendant retaliated against him for his prior complaint of discrimination in 2000. Defendant had a legitimate, non-discriminatory reason for placing plaintiff on MD status given his excessive absences and lateness to work and plaintiff has failed to demonstrate any causal connection between his discrimination charge in 2000 and defendant placing him on MD status in 2007.

## **CONCLUSION**

Accordingly, it is respectfully recommended that defendant's motion for summary judgment should be granted. It is further recommended that for the purpose of an appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from a judgment entered herein would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42 (2d Cir. 2002); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *see Thomas v. Arn*, 474 U.S. 140 (1985).

/S/
_____
LOIS BLOOM
United States Magistrate Judge

Dated: September 17, 2009
Brooklyn, New York

Copies to:   THE HONORABLE ROSLYNN R. MAUSKOPF, U.S.D.J.

John L. Edwards
773 Concourse Village
East 158 Street, Apt. 8-G
Bronx, NY 10451
*Plaintiff Pro Se*


Joshua R. Fay
Corporation Counsel of the
City of New York City
100 Church Street, Room 2-123
New York, NY 10007
*Attorney for Defendant*