FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 19 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN L. EDWARDS,

        Plaintiff,

- against -

ELMHURST HOSPITAL CENTER,

        Defendant.
-----------------------------------------------------------------X

**ORDER**
07-CV-2452 (RRM) (LB)

**MAUSKOPF, United States District Judge.**

Plaintiff John L. Edwards brings this *pro* se action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA") alleging that his employer, Defendant Elmhurst Hospital Center, discriminated against him based on his race, color, gender, religion, national origin, and disability. On February 13, 2009, Defendant Elmhurst Hospital Center moved for summary judgment. By Order entered March 24, 2009, this Court referred that motion to the Honorable Lois Bloom, United States Magistrate Judge, for a Report and Recommendation. On September 17, 2009, Judge Bloom issued a Report and Recommendation (the "R&R") recommending that Defendant's motion be granted.

Specifically, Judge Bloom recommended that the Court dismiss Plaintiff's race, color, national origin, religion and gender claims under Title VII as well as his disability claim under the ADA because Plaintiff failed to raise these claims with the EEOC. Judge Bloom further concluded that even if Plaintiff had filed a charge of discrimination with the EEOC raising these claims and had established a *prima facie* case under Title VII and the ADA, he failed to produce any evidence suggesting that Defendant was motivated by impermissible discrimination. With respect to Plaintiff's retaliation claim, Judge Bloom concluded that Plaintiff failed to establish a *prima facie* case of retaliation and that in any event, Defendant met its burden of proffering a legitimate, non-discriminatory reason for the alleged adverse employment action.

1

On September 28, 2009, Plaintiff filed a one-paragraph objection to the R&R, together with various employment and EEOC records. Construed liberally, Plaintiff argues, albeit in conclusory terms, that he was treated differently from other employees with regard to taking time off and coming in late. Defendant has opposed Plaintiff's objection.

Pursuant to this Court's obligations under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), this Court has conducted a *de novo* review of the R&R and the underlying pleadings and factual record upon which it is based. Having conducted such review, and upon careful consideration of Plaintiff's objections, as well as the points discussed in Defendant's supporting submissions, Plaintiff's objections are overruled. As noted by Defendant, Plaintiff does not address any of the R&R's conclusions and recommendations. Instead, he asserts "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments" set for in his opposition to summary judgment. *Edwards v. Fisher*, 414 F.Supp.2d, 342, 346-47 (S.D.N.Y. 2006) (internal quotation marks and citations omitted). Neither Plaintiff's one-paragraph objection, nor the documents appended thereto, amplify the facts supporting his claims; nor do they provide any legal basis to reject the sound reasoning of the Magistrate Judge's recommendations to dismiss Plaintiff's claims.

Plaintiff also renews an objection to Defendant's failure to provide him with information, a claim clearly addressed and rejected by the Magistrate Judge in her R&R. Plaintiff does not allege how the information he seeks would affect his opposition to summary judgment, nor does he set forth any reasons for raising this issue for the first time on summary judgment. As Judge Bloom aptly noted, "Plaintiff cannot forestall consideration of Defendant's motion for summary judgment by complaining about the 'lack of information' well after the deadline for discovery has passed." *R&R*, p. 10.

## CONCLUSION

This Court, fully concurring with the Magistrate Judge in all material respects, hereby adopts, as its own, the rationale articulated in the thoroughly researched and well-reasoned R&R. Accordingly, it is hereby ORDERED that Defendant's motion for Summary Judgment is GRANTED. The Clerk of Court is hereby ORDERED to enter judgment in favor of Defendant and to close this case. It is further ORDERED that the Clerk of Court send a copy of this Order by overnight mail to Plaintiff. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the judgment entered herein would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
July 16, 2010

ROSLYNN R. MAUSKOPF
United States District Judge